IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

September 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID G. MYERS, | * | C.C.A. # 03C01-9612-CR-00457 |
| | * | |
| Appellant, | * | HAMBLEN COUNTY |
| VS. | * | |
| | * | Hon. James E. Beckner, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Post-Conviction) |
| Appellee. | * | |
| | * | |

For Appellant:

David G. Myers, Pro Se
228811 NECC
P.O. Box 5000
Mountain City, TN  37683

For Appellee:

Charles W. Burson
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Victor Vaughn
Assistant District Attorney General
510 Allison Street
Morristown, TN  37814

OPINION FILED: _____

AFFIRMED

PER CURIAM

OPINION

The petitioner, David G. Myers, filed a petition for post-conviction relief on October 25, 1996. The trial court dismissed the petition as being barred by the statute of limitations without appointing counsel or holding an evidentiary hearing. The petitioner now appeals as of right the dismissal of his petition. We affirm.

Upon the petitioner's plea of guilt to rape, a final judgment of conviction was entered on November 19, 1993. Effective May 10, 1995, an amendment to the Post-Conviction Procedure Act reduced the time within which to file a claim from three years to one year.[1] This petition, alleging that the conviction was void due to a defective indictment, was filed on October 25, 1996, and is thus barred by the statute of limitations.

In Curtis Newbern, No. 02C01-9702-CR-00071 (Tenn. Crim. App., at Jackson, July 1, 1997), appeal filed, July 24, 1997, a panel of this court found that a defective indictment claim under the doctrine of State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996), appeal granted, Jan. 6, 1997, was still subject to the statute of limitations. Newbern, slip op. at 2. In

---

[1]  1995 Tenn. Pub. Act 207 provides in part:

This act shall take effect upon becoming a law, the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.

Id. § 3 (emphasis added).

In this case, the statute of limitations had not expired when the 1995 Post-Conviction Procedure Act became effective, so the petitioner had one year from May 10, 1995, to file his petition.

2

a more recent case, another panel of this court held that a petition challenging an indictment for failure to allege the mens rea of an offense must still be filed with in the statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a). <u>James Edward Hayes v. State</u>, No. 02C01-9704-CC-00169, slip op. at 2 (Tenn. Crim. App., at Jackson, July 23, 1997).

       Accordingly, the judgment of the trial court is affirmed.

               PER CURIAM